NO. 12-08-00369-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


SERGIO LEE VILLALVA,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Sergio Lee Villalva appeals his conviction for aggravated sexual assault of a child.
Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We
dismiss Appellant's appeal.


Background

 Appellant was charged by indictment with the offense of aggravated sexual assault of a child,
a first degree felony. (1) Appellant entered an "open" plea of guilty to the offense charged in the
indictment. Appellant and his counsel signed an agreed punishment recommendation, an agreement
to stipulate testimony, a waiver of jury trial, an acknowledgment of admonishments, a waiver of
motion for new trial and motion in arrest of judgment, a waiver of the right to appeal, and a
stipulation of evidence judicially confessing to the offense alleged in the indictment and admitting
that he committed each and every element alleged in the indictment. The trial court accepted
Appellant's plea, deferred further proceedings without entering an adjudication of guilt, and ordered
that Appellant be placed on deferred adjudication community supervision for a period of ten years. (2) 

 On April 14, 2008, the State filed an application to proceed to final adjudication, alleging that
Appellant had violated the terms of his community supervision. Appellant pleaded "true" to the
allegations contained in the State's motion. After a hearing, the trial court found that the State met
its burden of proving the allegations in the application, granted the State's application, revoked
Appellant's community supervision, and adjudged Appellant guilty of aggravated sexual assault of
a child as charged in the indictment. The trial court assessed Appellant's punishment at thirteen
years of imprisonment. (3) This appeal followed.


Analysis pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. From our review of
Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In
compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel's brief presents a chronological summation of the procedural history of the case, and further
states that counsel is unable to raise any arguable issues for appeal. (4) We have reviewed the record
for reversible error and have found none. 


Conclusion

 As required, Appellant's counsel has moved for leave to withdraw. See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly
frivolous and his motion for leave to withdraw is hereby granted. See In re Schulman, 252 S.W.3d
at 408-09. 

 Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion
and judgment to Appellant and advise him of his right to file a petition for discretionary review. See
Tex. R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. Should Appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney
to file a petition for discretionary review or he must file a pro se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days from the date of either this
opinion or the last timely motion for rehearing that was overruled by this court. See Tex. R. App. P.
68.2. Any petition for discretionary review must be filed with this court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. See
Tex. R. App. P. 68.3. Any petition for discretionary review should comply with the requirements of
Rule 68.4 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

 We dismiss Appellant's appeal.

Opinion delivered July 31, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.














(DO NOT PUBLISH)
1. See Tex. Penal Code Ann. § 22.021(a), (e) (Vernon Supp. 2008).
2. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2008). 
3. An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any
term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. Tex.
Penal Code Ann. § 12.32 (Vernon 2003).
4. Counsel for Appellant certified that he provided Appellant with a copy of his brief and that Appellant was
given time to file his own brief in this case. The time for filing such a brief has expired and we have received no pro
se brief.